UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAFE CARE SYSTEMS LLC, PETER L. SALTONSTALL, AND PAMELA K. GAVIN,<br><br>    Plaintiffs,<br><br>vs.<br><br>COVANSYS, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 1:04-CV-11585RCL |

**JOINT STATEMENT AND DISCOVERY PLAN**

Pursuant to the Court's Order of September 14, 2004, Fed. R. Civ. P. 26(f) and Local Rule 16.1, the parties submit the following Joint Statement containing their proposed pretrial schedule, as follows:

**I.     Rule 26(f) Conference of the Parties**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(B), counsel for the parties have conferred to discuss: (1) the nature and basis for their claims and defenses; (2) the possibility for a prompt settlement or resolution of the case; (3) to arrange for the disclosures required by Rule 26(a)(1); (4) to develop a proposed pretrial plan for the case that includes a discovery plan; (5) to prepare an agenda of items to be discussed at the scheduling conference and (6) to consider whether they will consent to trial by magistrate judge.

The parties are not willing to consent to trial by magistrate judge at this time.

## II. Summary of Positions

Pursuant to the Order of this Court dated September 14, 2004, the parties submit the following summaries their positions as to liability and relief sought:

### 1. Plaintiffs' Position

Plaintiffs, Safe Care Systems, LLC ("Safe Care") and two of its principals, Peter Saltonstall and Pamela Gavin (together, "Plaintiffs") were a start-up company in the health-care field, specifically engaged in developing and marketing a computer-based system to providing health care providers with a superior method of tracking, analyzing and managing safety related issues and "medical error events" in the delivery of health care. In January, 2002, plaintiffs entered into discussions with representatives of defendant Covansys, Inc. ("Covansys") about a business relationship and possible acquisition of Safe Care by Covansys.

Discussions continued from January through September, 2002. During these discussions, Covansys made numerous representations to plaintiffs concerning their intention to acquire the Safe Care and employ the individual plaintiffs. Based on these, and other representations, plaintiffs agreed to Covansys' proposal to integrate their business and marketing efforts before the formal closing of the transaction. For a period of some months, plaintiffs relied upon Covansys' representations that it was developing technology for Safe Care's product, permitted Covansys direct access to its clients, and marketed the combined entity to plaintiffs' clients and business contacts. During this period, the parties' agreements were reduced to writing and all material conditions to closing were met. On the morning of the closing, Covansys declined to sign the documents and terminated all contact with plaintiffs.

As a direct and foreseeable consequence of Covansys' acts, plaintiffs were damages in several ways.  First, they were denied the benefit of their bargain, i.e., the purchase price of Safe Care and the benefit of their respective employment agreements.  Second, plaintiffs on-going business prospects were damaged because of their reliance on Covansys in representing to existing and prospective clients that the Safe Care service would become part of Covansys.  Further, plaintiffs business was damaged because the web-based system that Covansys had promised to deliver for use by Safe Care by October, 2002 was not delivered, causing Safe Care to lose several ongoing and prospective client relationships.

Plaintiffs were able to keep Safe Care in business and ultimately sold the assets of the company to a new acquirer in April, 2004.  During the interim, however, plaintiffs Saltonstall and Gavin drew no salary from Safe Care and expended substantial personal funds keeping the company afloat.  The individual plaintiffs were damaged by the loss of eighteen months of income which they would have earned had Covansys honored its commitments.

### 2. Defendant's Position

Covansys Corporation ("Covansys") and plaintiffs explored the possibility of a business transaction between February, 2002 and October, 2002.  At all times during the course of those discussions, plaintiffs were keenly aware - and expressly agreed - that the negotiations and any proposed terms and conditions of a potential transaction were not binding on any party.  Indeed, the parties understood and agreed that any understandings they reached would be memorialized in a final agreement to be signed by the parties and that no party was to be bound until such a definitive agreement was executed.  In October, 2002, after drafts of an agreement were prepared and exchanged, but never finalized or signed, Covansys informed plaintiffs it chose not to

3

consummate a business transaction with plaintiffs. Covansys decision was lawful, breached no agreement with plaintiffs and in no way caused plaintiffs any compensable harm.

### III.     Joint Discovery Plan

The parties have agreed to the following discovery schedule:

| | |
|---|---|
| Automatic Disclosures | November 15, 2004 |
| Deadline to Complete Fact Discovery | April 30, 2004 |
| Plaintiffs' Designation of Expert and Service of Expert Reports (if any): | May 31, 2005 |
| Defendants' Designation of Expert and Service of Expert Reports (if any): | June 30, 2005 |
| Deadline to Complete Expert Depositions (if any): | August 31, 2005 |

### III.     Proposed Schedule for Filing Motions

| | |
|---|---|
| Deadline for Motions for Summary Judgment (if any): | October 30, 2005 |
| Deadline for Opposition to Motion for Summary Judgment: | November 21, 2005 |
| Deadline for Reply Briefs: | December 9, 2005 |

In the event the parties do not elect to utilize experts, to reduce the period of time set by the foregoing schedule, as appropriate.

### IV.     Certificates of Counsel

Counsel for both Plaintiffs and Defendant certify that they have conferred with their clients with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation and to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4. Certifications by Plaintiffs and Defendant, or their authorized representatives, will be submitted separately.

| | |
|---|---|
| SAFECARE SYSTEMS LLC, PETER S. SALTONSTALL AND PAMELA K. GAVIN, | COVANSYS, INC., |
| By their attorney, | By its attorneys, |
| /s/ Robert D. Hillman | /s/ Steven M. Ribiat |
| Robert D. Hillman/BBO# 552637<br>DEUTSCH WILLIAMS BROOKS DeRENSIS & HOLLAND, P.C.<br>99 Summer Street<br>Boston, MA   02110-1213<br>(617) 951-2300 | Steven M. Ribiat<br>Butzel Long<br>100 Bloomfield Hills Parkway Suite 20<br>Bloomfield Hills, MI 48304<br>(248) 258-1616<br><br>Gordon M. Jones<br>Robert P. Sherman<br>Nixon Peabody LLP<br>100 Summer Street<br>Boston, MA 02110<br>(617) 345-6188 |

Date:   October 22, 2004

DWLIB 168994v2
8324/00